08-2313-ag
Qiu v. Holder

BIA
Weisel, IJ
A095 914 324

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of March, two thousand ten .

PRESENT:

      ROSEMARY S. POOLER,
      BARRIGNTON D. PARKER,
      RICHARD C. WESLEY,
            *Circuit Judges*.

_____

RUI ZHONG QIU,
      *Petitioner*,

      v.                          08-2313-ag
                                            NAC

ERIC H. HOLDER, JR.,[1] UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:        Rui Zhong Qiu, *Pro Se*.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Gerald M. Alexander, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED, in part, and DISMISSED, in part.

Rui Zhong Qiu, a native and citizen of China, seeks review of an April 15, 2008 order of the BIA affirming the May 25, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Zhong Qiu*, No. A095 914 324 (B.I.A. Apr. 15, 2008), *aff'g* No. A095 914 324 (Immig. Ct. N.Y. City May 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's factual findings under the substantial evidence

2

standard.  8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact.  *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir. 2008).

**I.   Asylum**

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law."  8 U.S.C. § 1252(a)(2)(D). Because Qiu has raised neither a constitutional claim nor a question of law, we lack jurisdiction to review his challenge to the agency's denial of his application for asylum.  8 U.S.C. § 1158(a)(3).  We thus proceed to review Qiu's challenge to the agency's denial of his application for withholding of removal and CAT relief.

**II.  Withholding of Removal**

*A.  Family Planning*

The agency reasonably concluded that Qiu failed to demonstrate his eligibility for withholding of removal to the extent his claim was based on his ex-wife's forced abortion.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 306 (2d Cir. 2007) (en banc) (providing that any alleged persecution must be "*personally* experienced" if it is to form the basis of relief).  Qiu has not alleged that he engaged in any form of resistance that would render him eligible for relief.  *See Matter of S-L-L-*, 24 I&N Dec. 1, 10 (BIA 2006).

Nor did the agency err by concluding that because Qiu is unmarried, any claim that he would face future persecution on account of possible future violations of the family planning policy would be too speculative to merit relief.  *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to persecution, his fear was "speculative at best").

*B.  Falun Gong*

The agency also reasonably denied Qiu's withholding of removal claim to the extent it was based on his recent

4

involvement with Falun Gong.  While the BIA noted that Falun Gong practitioners may face mistreatment in China, it found insufficient evidence in the record upon which to conclude that Qiu was a "dedicated" practitioner who would come to the attention of authorities.  We find no error in this regard.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities").  Qiu's argument that the agency neglected to consider record evidence detailing the mistreatment of Falun Gong practitioners is unavailing.  The BIA did not dispute the existence of such mistreatment; rather, it found that Qiu was not likely to be subjected to persecution because no one in China knew he practiced Falun Gong.  In any event, we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise."  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).

Therefore, because the agency reasonably found that Qiu failed to demonstrate that it was more likely than not that

he would face persecution if returned to China, it reasonably denied his application for withholding of removal. *See Manzur,* 494 F.3d at 289.

**III. CAT Relief**

Because Qiu was unable to show the objective likelihood of persecution needed to make out a withholding of removal claim based on either his family planning or Falun Gong claims, he was necessarily unable to meet the higher standard required to succeed on a claim for CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006). To the extent Qiu's CAT claim was based on his alleged illegal departure, it is well-settled that the agency does not err in finding that a petitioner is not "entitled to CAT protection based solely on the fact that he is part of the large class of persons who have illegally departed China." *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005). Even assuming that Qiu left China illegally, the agency did not err in finding that he failed to provide the type of particularized evidence necessary to demonstrate eligibility for CAT relief. *See id.*

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have

6

completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk